UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CELESTE CRUNK,

    Plaintiff,                              CASE NO.:

-VS-

ARA, INC. A/K/A ASSET RECOVERY
ASSOCIATES, INC.,

    Defendant.

_____/

## COMPLAINT
## AND DEMAND FOR TRIAL BY JURY

Plaintiff alleges violation of the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et. seq.* ("FDCPA"), the Fair Credit Reporting Act, 15 U.S.C. §1681, *et. seq.* ("FCRA"), and Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* ("FCCPA").

## INTRODUCTION

1.     The FDCPA was enacted as an amendment to the Consumer Credit Protection Act. Its purpose is to "eliminate abusive debt collection practices by debt collectors." Debt collectors are prohibited from threatening or harassing debtors, and their contacts with debtors are restricted.  15 U.S.C. §1692(e).

2.     The FCCPA was devised as a means of regulating the activities of consumer collection agencies within the state of Florida to combat a series of abuses in the area of debtor-creditor relations and to assist consumers experiencing debt harassment or abusive debt collection practices.

1

3.      The FCRA is U.S. Federal Government legislation enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies.

## JURISDICTION AND VENUE

4.      Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331, and pursuant to 15 U.S.C. §1692k(d), 15 U.S.C. §1681p, and pursuant to 28 U.S.C. §1367 for pendent state law claims.

5.      The alleged violations described herein occurred in Tampa, Hillsborough County, Florida. Accordingly, venue is appropriate with this Court under 28 U.S.C. §1391(b)(2), as it is the judicial district in which a substantial part of the events or omissions giving rise to this action occurred.

## FACTUAL ALLEGATIONS

6.      Plaintiff is a natural person, and citizen of the State of Florida, residing in Tampa, Hillsborough County, Florida.

7.      Defendant is a corporation operating as a collection agency and specializing in collecting on accounts receivables and consumer debt recovery. Defendant collects and resolves debts owed to almost every major bank and credit card company in the State of Florida.

8.      Defendant's registration in the State of Florida has lapsed. Consequently, Defendant is an unlicensed debt collector.

9.      In or around February 2017, Defendant purchased an account from Chase Manhattan Bank (the "Alleged Chase Debt").

10.     Defendant claims that the Alleged Chase Debt stems from a debt owed to Chase on an account from the year 2001.

11.     On or about February 16, 2017, Defendant called Plaintiff and advised her that they had purchased the Alleged Chase Debt and that she owed $5,629.33 pursuant to the Alleged Chase Debt.

12.     Defendant threatened Plaintiff that if she didn't pay, Defendant would "file judgment" against her and Defendant would "ruin her credit".

13.     Plaintiff advised Defendant that she did not owe the Alleged Chase Debt and had never defaulted on an account during that time frame (over 16 years ago).

14.     Despite Plaintiff's assertions that she did not owe the Alleged Chase Debt and demand to stop contacting her, Defendant proceeded to send letters to Plaintiff demanding payment.   True and correct copies of two (2) of the letters Plaintiff received from Defendant are attached hereto as composite Exhibit "A" and their contents are incorporated by reference herein.

15.     Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling her and sending her harassing letters.

16.     Defendant also made an inquiry on Plaintiff's credit history.

17.     The inquiry onto Plaintiff's credit history shows up on Plaintiff's credit report and was done for an impermissible purpose.

18.     Defendant attempted to collect a debt from the Plaintiff by this campaign of telephone calls and letters.

19.     At all times material hereto, Plaintiff has maintained that she did not incur the Alleged Chase Debt.

20.     Furthermore, the Alleged Chase Debt is over sixteen (16) years old. Therefore, Defendant would not be able to obtain a judgment against Plaintiff as any such legal action is barred by the statute of limitations.

21.     Defendant has not instituted legal proceedings against Plaintiff with respect to the Alleged Chase Debt, nor has Defendant obtained a final judgment against Plaintiff with respect to the Alleged Chase Debt.

22.     As a result of Defendant's actions described above, Plaintiff has suffered an invasion of privacy.  Plaintiff was also affected in a personal and individualized way by stress, anxiety, nervousness, embarrassment, distress and aggravation.

23.     Notably, Defendant's wrongful and abusive actions induced severe anxiety in Plaintiff.  All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt from Plaintiff in violation of Federal and Florida law.

24.     All conditions precedent to this action have occurred, have been satisfied, or have been waived.

## COUNT I
### (Violation of the FDCPA)

25.     Plaintiff incorporates Paragraphs one (1) through twenty-four (24) above as if fully set forth herein.

26.     This is an action against Defendant for violations of the Federal Fair Debt Collection Practices Act 15 U.S.C. §1692, *et. seq.* (FDCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

27.     At all times material hereto: (a) Plaintiff is a 'consumer' within the meaning of the FDCPA; (b) the Alleged Chase Debt is a 'debt' within the meaning of the FDCPA; and (c) Defendant is a 'debt collector' within the meaning of the FDCPA.

28.     All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

29.     At all times material hereto, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

30.     In 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to amounts allegedly owed pursuant to a consumer debt within the meaning of the FDCPA (the "Debt Collection Conduct").

31.     The Debt Collection Conduct included the placement of telephone calls to Plaintiff and sending letters to Plaintiff's home. [Please see attached composite Exhibit A, demonstrating two (2) of the letters that Plaintiff received].

32.     Despite Plaintiff's repeated assertions that she did not owed the Alleged

Chase Debt and demands that Defendant cease and desist all communication with Plaintiff

regarding the Alleged Chase Debt, Defendant proceeded undeterred in its campaign of

intentional harassment and abuse of Plaintiff in an effort to collect said debt.

33.     Defendant's Debt Collection Conduct as described in this Count is a

violation of 15 U.S.C. §1692(e) which provides in pertinent part that "[a]*debt collector*

*may not use any false, deceptive, or misleading representation or means in connection with*

*the collection of any debt".*

34.     Specifically, the Debt collection conduct is a violation of the following

sections of 15 U.S.C. §1692(e), which provide that the following conduct is a violation of

this section:

   a) 15 U.S.C. §1692(e)(2)(a) - *"[t]he false representation of the character,*
      *amount, or legal status of any debt";*

   b) 15 U.S.C. §1692(e)(4) - *"[t]he representation or implication that*
      *nonpayment of any debt will result in the arrest or imprisonment of any*
      *person or the seizure, garnishment, attachment, or sale of any property*
      *or wages of any person unless such action is lawful and the debt*
      *collector or creditor intends to take such action";*

   c) 15 U.S.C. §1692(e)(5) - *"[t]he threat to take any action that cannot*
      *legally be taken or that is not intended to be taken";*

   d) 15 U.S.C. §1692(e)(8) - *"[c]ommunicating or threatening to*
      *communicate to any person credit information which is known or which*

6

*should be known to be false, including the failure to communicate that a disputed debt is disputed";*

e)  15 U.S.C. §1692(e)(10) – *"[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer".*

35.  Defendant's Debt Collection Conduct as described in this Count is also a violation of 15 U.S.C. §1692(f)(1) which provides in pertinent part that *"[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law"* is a violation of this section.

36.  Defendant violated 15 U.S.C. §§ 1692(e) and 1692(f) when Defendant (1) made collection calls to Plaintiff with respect to the Alleged Chase Debt after Plaintiff advised Defendant that she did not owe the Alleged Chase Debt; (2) sent collection letters to Plaintiff on for the Alleged Chase Debt after Plaintiff advised Defendant that she did not owe the Alleged Chase Debt; (3) advised Plaintiff that Defendant would "file a judgment" against Plaintiff when any such action is clearly barred by the applicable statute of limitations; (4) advised Plaintiff that Defendant would "ruin her credit"; and (5) falsely advised Plaintiff about her legal rights on numerous occasions.

37.  Defendant's business practices and actions were either intentional or grossly negligent as Plaintiff notified Defendant that she was not responsible for the Alleged Chase Debt and to stop contacting her.

7

38.     As a result of the Debt Collection Conduct and Defendant's violation of the FDCPA, Plaintiff has been damaged, including, but not limited to, suffering mental anguish, despair, frustration, embarrassment, nervousness, anger, loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to 15 U.S.C. §1692(k).

39.     As a result of Defendant's abusive actions, Plaintiff suffers from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress[1].

40.     Plaintiff is (a) is entitled to collect her attorney's fees and costs pursuant to 15 U.S.C. §1692(k); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to 15 U.S.C. §1692(k); (ii) statutory damages; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

**COUNT II**
**(Violation of the FCCPA)**
**(Phone call dated February 16, 2017)**

---

[1] A plaintiff may recover actual damages from emotional distress under the FDCPA and FCCPA. *See Minnifield v. Johnson & Freeman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011) (finding that a plaintiff can recover for emotional distress under the FDCPA); and *Fini v.Dish Network, LLC.*, 955 F. Supp. 2d 1288, 1299 (M.D. Fla. 2013) (holding that a plaintiff can recover for emotional distress under the FCCPA).

8

41.     Plaintiff incorporates Paragraphs one (1) through twenty-four (24) above as if fully set forth herein.

42.     This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

43.     At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

44.     The Alleged Chase Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff for personal, family or household purposes.

45.     Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

46.     All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others.  The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

47. At all times material hereto, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

48. In 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

49. The Debt Collection Conduct included calling Plaintiff on February 16, 2017, in an attempt to collect on the Alleged Chase Debt.

50. On February 16, 2017, Defendant advised Plaintiff that she owed them money on a 2001 debt and that if she didn't pay the Alleged Chase Debt, they would file a judgment against her and ruin her credit.

51. Defendant's telephone call to Plaintiff constitutes "communication" as defined by Florida Statutes, §559.55(5).

52. Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

53. As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Plaintiff has been damaged, including, but not limited to, suffering mental anguish, despair, frustration, embarrassment, nervousness, anger, loss of capacity to enjoy

life and Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

54.     As a result of Defendant's abusive actions, Plaintiff suffers from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress[2].

55.     Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

**COUNT III**
**(Violation of the FCCPA)**
**(Phone call dated February 17, 2017)**

56.     Plaintiff incorporates Paragraphs one (1) through twenty-four (24) above as if fully set forth herein.

---

[2] A plaintiff may recover actual damages from emotional distress under the FDCPA and FCCPA. *See Minnifield v. Johnson & Freeman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011) (finding that a plaintiff can recover for emotional distress under the FDCPA); and *Fini v. Dish Network, LLC.*, 955 F. Supp. 2d 1288, 1299 (M.D. Fla. 2013) (holding that a plaintiff can recover for emotional distress under the FCCPA).

57.    This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

58.    At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

59.    The Alleged Chase Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff for personal, family or household purposes.

60.    Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

61.    All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

62.    At all times material hereto, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

63.     In 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

64.     The Debt Collection Conduct included calling Plaintiff on February 17, 2017, in an attempt to collect on the Alleged Chase Debt.

65.     Defendant's telephone call to Plaintiff constitutes "communication" as defined by Florida Statutes, §559.55(5).

66.     Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

67.     As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Plaintiff has been damaged, including, but not limited to, suffering mental anguish, despair, frustration, embarrassment, nervousness, anger, loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

68.     As a result of Defendant's abusive actions, Plaintiff suffers from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress[3].

---

[3] A plaintiff may recover actual damages from emotional distress under the FDCPA and FCCPA. *See Minnifield v. Johnson & Freeman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011) (finding that a plaintiff can recover for emotional distress under the FDCPA); and *Fini v. Dish Network, LLC.*, 955 F. Supp. 2d 1288, 1299 (M.D. Fla. 2013) (holding that a plaintiff can recover for emotional distress under the FCCPA).

69.     Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

### COUNT IV
### (Violation of the FCCPA)
### (Letter dated February 20, 2017)

70.     Plaintiff incorporates Paragraphs one (1) through twenty-four (24) above as if fully set forth herein.

71.     This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

72.     At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

73.     The Alleged Chase Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff for personal, family or household purposes.

74.     Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

75.     All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

76.     At all times material hereto, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

77.     In 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

78.     The Debt Collection Conduct included sending Plaintiff a letter dated February 20, 2017, in an attempt to collect on the Alleged Chase Debt. A true and correct copy of the letter is attached hereto as part of composite Exhibit "A" and its contents are incorporated by reference herein.

79.     Defendant's letter to Plaintiff constitutes "communication" as defined by Florida Statutes, §559.55(5).

80.     Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.*"

81.     As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Plaintiff has been damaged, including, but not limited to, suffering mental anguish, despair, frustration, embarrassment, nervousness, anger, loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

82.     As a result of Defendant's abusive actions, Plaintiff suffers from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress[4].

83.     Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

---

[4] A plaintiff may recover actual damages from emotional distress under the FDCPA and FCCPA. *See Minnifield v. Johnson & Freeman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011) (finding that a plaintiff can recover for emotional distress under the FDCPA); and *Fini v.Dish Network, LLC.*, 955 F. Supp. 2d 1288, 1299 (M.D. Fla. 2013) (holding that a plaintiff can recover for emotional distress under the FCCPA).

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

**COUNT V**
**(Violation of the FCCPA)**
**(Letter dated February 22, 2017)**

84.    Plaintiff incorporates Paragraphs one (1) through twenty-four (24) above as if fully set forth herein.

85.    This is an action against Defendant for violations of Florida's Consumer Collections Practices Act, Florida Statutes, §559, Part VI, *et. seq.* (FCCPA), and for damages in excess of $15,000.00, exclusive of interest, court costs and attorneys' fees.

86.    At all times material hereto: (a) Plaintiff is a 'debtor' or 'consumer' within the meaning of the FCCPA; (b) the sued-upon debt is a 'debt' or 'consumer debt' within the meaning of the FCCPA; and (c) Defendant is a 'person' within the meaning of the FCCPA.

87.    The Alleged Chase Debt is a "consumer debt," as defined by Florida Statutes, §559.55(1), in that some or all of the debt is an obligation allegedly incurred by Plaintiff for personal, family or household purposes.

88.    Defendant is engaged in the business of soliciting consumers for debts and collecting consumer debts and is, therefore, subject to Florida Statutes, §559.55 *et seq.*

89.     All conduct of Defendant alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of Defendant and/or knew in advance that the Defendant was likely to conduct itself and allowed it to so act with conscious disregard of the rights and safety of others. The conduct alleged herein was despicable, fraudulent, oppressive, and done knowingly with intent, with malice, and without cause.

90.     At all times material hereto, the agent(s) or employee(s) of Defendant acted within the course and scope of such agency or employment, and acted with the consent, permission and authorization of Defendant.

91.     In 2017, Defendant engaged in consumer debt collection activities against Plaintiff in regards to delinquent amounts allegedly owed pursuant to a consumer debt within the meaning of the FCCPA (the "Debt Collection Conduct").

92.     The Debt Collection Conduct included sending Plaintiff a letter dated February 22, 2017, in an attempt to collect on the Alleged Chase Debt. A true and correct copy of the letter is attached hereto as part of composite Exhibit "A" and its contents are incorporated by reference herein.

93.     Defendant's letter to Plaintiff constitutes "communication" as defined by Florida Statutes, §559.55(5).

94.     Defendant's Debt Collection Conduct as described in this Count is a violation of Florida Statutes, §559.72(9) which makes it unlawful to "[c]*laim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert*

*the existence of some other legal right when such person knows that the right does not exist."*

95.     As a result of the Debt Collection Conduct and Defendant's violation of the FCCPA, Plaintiff has been damaged, including, but not limited to, suffering mental anguish, despair, frustration, embarrassment, nervousness, anger, loss of capacity to enjoy life and Defendant is liable to Plaintiff for actual damages and statutory damages pursuant to Florida Statutes, §559.77.

96.     As a result of Defendant's abusive actions, Plaintiff suffers from anxiety, sleeplessness, loss of appetite, and other such manifestations of emotional distress[5].

97.     Plaintiff is (a) is entitled to collect its attorney's fees and costs pursuant to the Florida Statutes, §559.77(2); (b) has retained the law firm of Stamatakis + Thalji + Bonanno in this action; and (c) is obligated to pay the law firm of Stamatakis + Thalji + Bonanno a reasonable fee for its services in bringing or defending in this case, as well as all costs of collections.

WHEREFORE, Plaintiff respectfully requests relief in the form of: (i) actual damages, interest, court costs and attorney's fees pursuant to Florida Statutes, § 559.77(2); (ii) statutory damages in the minimum amount of $1,000.00 per violation; (iii) a trial by jury; and (iv) such other and further relief that this Court deems just and proper under the circumstances.

---

[5] A plaintiff may recover actual damages from emotional distress under the FDCPA and FCCPA. *See Minnifield v. Johnson & Freeman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011) (finding that a plaintiff can recover for emotional distress under the FDCPA); and *Fini v.Dish Network, LLC.*, 955 F. Supp. 2d 1288, 1299 (M.D. Fla. 2013) (holding that a plaintiff can recover for emotional distress under the FCCPA).

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

STAMATAKIS + THALJI + BONANNO

By: / s / Sami Thalji
Sami Thalji, Esquire, Trial Counsel
Florida Bar No.:165913
Scott D. Stamatakis, Esquire
Florida Bar No.:178454
Nick Fowler, Esquire
Florida Bar No.:81856
Melissa Thalji, Esquire
Florida Bar No.:174467
8751 N. Himes Ave
Tampa, Florida 33614
(813) 282-9330 (telephone)
(813) 282-8648 (facsimile)
Notice of Primary Email: Service@MyInjury.com
Counsel for Plaintiff